UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ANONYMOUS,

        Plaintiff,

    v.

JANE DOE,

        Defendant.
---------------------------------------------------------------x
ANONYMOUS,

        Plaintiff,

    v.                    **MEMORANDUM & ORDER**

FAY MAUREEN BUTLER, *et al.*,      23-CV-4563 (RPK) (PK)
                                                          23-CV-4564 (RPK) (PK)
        Defendants.                 23-CV-4673 (RPK) (PK)
---------------------------------------------------------------x    23-CV-4768 (RPK) (PK)
ANONYMOUS,

        Plaintiff,

    v.

CHRISENDATH SINGH, *et al.*,

        Defendants.
---------------------------------------------------------------x
ANONYMOUS,

        Plaintiff,

    v.

CHRISENDATH SINGH, *et al.*,

        Defendants.
---------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Between June 14 and June 20, 2023, plaintiff, proceeding *pro se* and under the name "Anonymous," filed four actions pursuant to 42 U.S.C § 1983 alleging that defendants the City of

New York, LaGuardia Community College, and various individual employees of the College violated her constitutional rights. Along with the complaints, plaintiff filed requests that each action be placed under seal and that she be allowed to proceed anonymously, as well as requests to proceed *in forma pauperis* ("IFP"). For the reasons set out below, plaintiff's motions to proceed under seal, anonymously, and IFP are denied. Within 30 days of the date of this Order, plaintiff is directed, with respect to each of her four actions, to (1) file an amended complaint including her legal name, signature, and address; and (2) either pay the $402 filing fee or submit an amended IFP application bearing her legal name, signature, and address.

## BACKGROUND

Plaintiff's four complaints all contain allegations that she was discriminated against in violation of federal and state law during her time as a student at LaGuardia Community College.

*No. 23-CV-4563.* Plaintiff's first complaint alleges that, in June 2022, a College employee identified only as Jane Doe, in an attempt to discriminate against plaintiff on the basis of her race, falsely accused plaintiff of making a threat against a professor, eventually leading to plaintiff being barred from campus. *See* Compl. 4–8, No. 23-CV-4563, *Anonymous v. Doe* (E.D.N.Y.) (Dkt. #1) ("4563 Compl.").

*No. 23-CV-4564.* Plaintiff's second complaint centers around an incident in June 2022 when, in the aftermath of Jane Doe's accusation against plaintiff, plaintiff was allegedly accosted by multiple College security officers, threatened with arrest, and falsely imprisoned. *See* Compl. 4–5, No. 23-CV-4564, *Anonymous v. Butler* (E.D.N.Y.) (Dkt. #1) ("4564 Compl.").

*No. 23-CV-4673.* Plaintiff's third complaint alleges that a College professor subjected her to differential treatment based on her race and created a hostile learning environment, then falsely accused plaintiff of threatening her, ultimately leading to plaintiff being denied a diploma. *See* Compl. 4–14, No. 23-CV-4673, *Anonymous v. Singh* (E.D.N.Y.) (Dkt. #1) ("4673 Compl.").

*No. 23-CV-4768.* Plaintiff's fourth complaint alleges that the College discriminated against her and defrauded her in various ways, including by misrepresenting its services, fraudulently decreasing her GPA, depriving her of an opportunity to attend or speak at her commencement ceremony, and improperly placing financial and disciplinary holds on her student record. *See* Compl. 6–19, No. 23-CV-4768, *Anonymous v. Singh* (E.D.N.Y.) (Dkt. #1) ("4768 Compl.").

Plaintiff asks that each of these four cases be docketed under seal and that she be allowed to proceed anonymously in each case.

## STANDARD OF REVIEW

### A.  Plaintiff's Sealing Requests

"The public and the press have a 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Those documents include complaints. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139–40 (2d Cir. 2016) (holding that pleadings "are Judicial records subject to a presumption of public access"). Although judicial documents "may be kept under seal if . . . 'higher values' . . . so demand," *Lugosch*, 435 F.3d at 124, such restrictions require "specific, on-the-record findings" that "sealing is necessary to preserve higher values," and any "sealing order [must be] narrowly tailored to achieve that aim," *id.* at 124 (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)); *see Dabiri v. Fed'n of States Med. Bds. of the U.S., Inc.*, No. 08-CV-4718, 2023 WL 3741978, at *1 (E.D.N.Y. May 31, 2023). Interests found to satisfy *Lugosch*'s "higher values" requirement include "the attorney-client privilege," "national security," the "protection of the privacy of innocent third parties," and the "confidentiality of sensitive patient information." *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11-CV-3694 (LTS), 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (citations omitted).

### B. Plaintiff's Motions to Proceed Anonymously

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." The Second Circuit has recognized that, while it is sometimes appropriate for a litigant to proceed under a pseudonym, Rule 10(a)'s requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

When considering a plaintiff's request to proceed anonymously, courts in this Circuit balance "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has set forth a non-exhaustive list of ten factors to guide courts in balancing these interests. *Id.* at 189–90. Specifically, courts should consider whether:

(1) "the litigation involves matters that are highly sensitive and [of a] personal nature";
(2) "identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties";
(3) "identification presents other harms and the likely severity of those harms . . . including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity";
(4) "the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of his age";
(5) "the suit is challenging the actions of the government or that of private parties";
(6) "the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court";
(7) "the plaintiff's identify has thus far been kept confidential";
(8) "the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity";
(9) "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and

(10) "there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Ibid.* (quotation marks and citations omitted). A district court considering a request to proceed anonymously need not "'list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527 (S.D.N.Y. 2021) (quoting *Sealed Plaintiff*, 537 F.3d at 191 n.4).

## ANALYSIS

### A. Plaintiff's Sealing Requests Are Denied

Plaintiff argues that sealing these actions is required because she is being "slandered and libeled" and "[m]aking [her] information public would magnify the effects of [defendants'] wrongdoing" rather than right those wrongs. Sealing Mot. 1, No. 23-CV-4563, *Anonymous v. Doe* (E.D.N.Y.) (Dkt. #2) ("4563 Sealing Mot."); Sealing Mot. 1, No. 23-CV-4564, *Anonymous v. Butler* (E.D.N.Y.) (Dkt. #2) ("4564 Sealing Mot.") (same); Sealing Mot. 1, No. 23-CV-4768, *Anonymous v. Singh* (E.D.N.Y.) (Dkt. #2) ("4673 Sealing Mot.") (same); Sealing Mot. 1, No. 23-CV-4768, *Anonymous v. Singh* (E.D.N.Y.) (Dkt. #2) ("4768 Sealing Mot.") (same). She adds that, because the "case[s] deal[] with [her] private academic record and [her] private student personal file," records which are "not disclosed anywhere else," those records should not be made available to the public. 4563 Sealing Mot. 1; 4564 Sealing Mot. 1; 4673 Sealing Mot. 2; 4768 Sealing Mot. 1. Finally, she contends that proceeding only under a pseudonym would be insufficient to mitigate these concerns because she is a minority at the College and her identity could be discovered by process of elimination. *See* 4563 Sealing Mot. 1; 4564 Sealing Mot. 1; 4673 Sealing Mot. 2; 4768 Sealing Mot. 1.

These arguments do not warrant filing these cases entirely under seal. Plaintiff's concerns that publicity surrounding these actions may further harm her reputation do not implicate the sort

of "higher values" needed to overcome the presumption of public access to judicial documents. *Lugosch*, 435 F.3d at 120. And even assuming that certain aspects of plaintiff's academic record may ultimately warrant sealing, such a request is premature at this time, as plaintiff's complaint contains no such sensitive information. Moreover, sealing these actions in their entirety would not be "narrowly tailored to serve [any] interest" that plaintiff has in her academic records. *Ibid*. Should such records ever enter this case, plaintiff may move to seal them at that time.

Plaintiff's motions to proceed under seal are denied.

### B. Plaintiff's Motions to Proceed Anonymously Are Denied

Nor has plaintiff shown an entitlement to proceed anonymously in these actions.

Plaintiff argues that anonymity is warranted here because publicity about this case "will prevent future educational and employment opportunities," 4653 Sealing Mot. 2; 4654 Sealing Mot. 3; 4673 Sealing Mot. 2; 4768 Sealing Mot. 2, and "will put [her] in danger for further harassment and retaliation," suggesting that she may be "killed or injured" if her name is publicized, 4654 Sealing Mot. 3; 4673 Sealing Mot. 2; 4768 Sealing Mot. 2. Plaintiff also contends that prejudice to defendants will be minimal because defendants' lawyers "know who [she is]." 4564 Sealing Mot. 3; 4673 Sealing Mot. 2; 4768 Sealing Mot. 2.

Under the factors set out in *Sealed Plaintiff*, these concerns do not suffice to overcome Rule 10(a)'s "presumption of disclosure." *Pilcher*, 950 F.3d at 45. It is true that these are cases in which "plaintiff's identify has thus far been kept confidential," *Sealed Plaintiff*, 537 F.3d at 190 (factor seven), and that the cases involve government defendants and government policies, *ibid.* (factor five). But most other factors point in favor of disclosure. Plaintiff's claims that the College and its employees discriminated against her based on her race, threatened her, and defrauded her, do not involve "highly sensitive" matters within the meaning of the first *Sealed Plaintiff* factor. *See, e.g.*, *Klein v. City of New York*, No. 10-CV-9568 (LAK) (JLC), 2011 WL 3370402, at *1

6

(S.D.N.Y. Aug. 3, 2011) ("A plaintiff's use of a pseudonym is not justified by the mere fact that a case involves allegations of discrimination; such a result would require a plaintiff's anonymity in every one of the countless discrimination cases before this Court."). And as to factors two and three, plaintiff's assertions that she will suffer further academic, professional, reputational, or even physical retaliation if made to proceed under her own name are "vague and far-fetched" and altogether too "speculative in nature" to carry plaintiff's burden. *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014); *see Rives v. SUNY Downstate Coll. of Med.,* No. 20-CV-621 (RPK) (SMG), 2020 WL 4481641, at *3 (E.D.N.Y. Aug. 4, 2020) (denying a request to proceed anonymously based on predicted career harm where such harm "appear[ed] speculative on th[e] record" before the court). Nor are these cases in which the public interest in disclosure is "atypically weak" because "of the purely legal nature of the issues presented." *Sealed Plaintiff*, 537 F.3d at 190 (factor nine). Finally, as to factor eight, "the public's interest in identifying the parties to a proceeding is significant," *Rives,* 2020 WL 4481641, at *3, and plaintiff has made no argument that the general rule does not apply here.

All told, considering the factors set out in *Sealed Plaintiff*, plaintiff has not "rebut[ted] the presumption of disclosure" created by Rule 10(a), *Pilcher*, 950 F.3d at 45, and her motions to proceed anonymously are accordingly denied.

### C. Plaintiff's IFP Applications Are Denied Without Prejudice

To proceed with a civil action in this Court, a plaintiff must either pay a $402 filing fee or request authorization to proceed IFP by submitting a signed IFP application. Plaintiff's IFP applications were each submitted under the name "Anonymous." Because, as just set out, anonymity is not warranted in these cases, plaintiff's IFP requests are denied without prejudice. Within 30 days of the date of this order, plaintiff must either pay the $402 filing fee or submit IFP applications using her legal name, address, and signature.

7

## CONCLUSION

Plaintiff's motions to proceed under seal, anonymously, and *in forma pauperis* are denied. Within 30 days of the date of this Order, plaintiff is directed to file amended complaints captioned with her legal name, and to either pay the filing fee in each case or submit updated IFP applications bearing her legal name. Plaintiff is likewise encouraged to consider whether, given the factual overlap between her four complaints, consolidating her claims against all defendants into a single complaint would simplify matters and promote efficient resolution of her claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

> */s/ Rachel Kovner*
> RACHEL P. KOVNER
> United States District Judge

Dated: July 7, 2023
       Brooklyn, New York